IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

RAYMOND EDWARD GILL     *

v.     *    CIVIL ACTION NO. RDB-15-35
          CRIMINAL NO. RDB-01-0478

UNITED STATES OF AMERICA     *

\*\*\*\*\*

## MEMORANDUM OPINION

This matter is before the Court on a self-represented 28 U.S.C. § 2241 Petition filed by Raymond Edward Gill. Mindful that Gill is proceeding pro se, his Petition has been generously construed to challenge the sentence imposed in *United Sates v. Gill*, Criminal No. RDB-01-0478 (D. Md. 2002). Gill seemingly alleges that a federal conviction handed down in *United States v. Gill*, Criminal Nos. B-86-0009 & 0011 (D. Md. 1986, was illegally used to raise his offense level in the sentence imposed in *United States v. Gill*, Criminal No. RDB-01-0478 (D. Md. 2002).[1] ECF No. 1 at pp. 2-3. The Petition will construed as a 28 U.S.C. § 2255 Motion to Vacate and dismissed without prejudice.

This Motion directly attacks Gill's 2002 sentence, and is more appropriately construed as a 28 U.S.C. § 2255 Motion to Correct, Set Aside or Vacate. *See Calderon v. Thompson*, 523 U.S. 538, 554 (1998) (ruling it is the subject matter of the motion and not a petitioner's description which determines its status). As such, this motion represents Gill's fifth attempt to collaterally attack his conviction and/or sentence. *See Gill v. United States*, Civil Action Nos. JFM-01-0478 (D. Md. 2002); JFM-04-2321 (D. Md. 2004), JFM-06-150 (D. Md. 2006), and JFM-07-2425 (D. Md. 2007).

---

[1] On April 9, 2002, judgment was entered sentencing Gill to a 151-month term in the U.S. Bureau of Prisons on counts of bank robbery and attempted bank robbery, committed in violation of 18 U.S.C. § 2113 (a) & (f). *See United States v. Gill*, Criminal No. RDB-01-0478 (D. Md. 2002). Gill was further ordered to serve three years of supervised release and to pay a special assessment of $100.00 and restitution of $2,536.00. On September 12, 2013, a bench warrant was issued as to a revocation of Gill's supervised release. *See United States v. Gill*, Criminal No. RDB-01-0478 (D. Md.) at ECF No. 69. A hearing on that violation is currently scheduled for March 2015.

Successive motions under § 2255 may not be filed absent leave to do so from the Court of Appeals. *See* 28 U.S.C. §§ 2244(b)(3)(A) & 2255; *In re Avery W. Vial*, 115 F.3d 1192, 1197-98 (4th Cir. 1997). Since Gill has not obtained this authorization from the United States Court of Appeals for the Fourth Circuit,2 the Motion must be dismissed for lack of jurisdiction. *See Evans v. Smith*, 220 F.3d 306, 325 (4th Cir. 2000).

Gill has no absolute entitlement to appeal the denial of his § 2255 motion. *See* 28 U.S.C. § 2253(c)(1). A certificate of appealability may issue only if the applicant has made a substantial showing of the denial of a constitutional right. *Id.* at §2253(c)(2). Gill "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," *Tennard v. Dretke*, 542 U.S. 274, 282 (2004) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)), or that "the issues presented were 'adequate to deserve encouragement to proceed further,' " *Miller-El v. Cockrell*, 537 U.S. 322, 335-36, (2003) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 n. 4 (1983). The Court declines to issue a certificate of appealability because Gill has not made the requisite showing. A separate Order follows.

Date: January 16, 2015

/s/ Richard D. Bennett

RICHARD D. BENNETT
UNITED STATES DISTRICT JUDGE

---

2 The Fourth Circuit last denied authorization on June 7, 2007. *See In Re. Gill*, CA-07-179 (4th Cir. 2007).